IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CR-358-WKW |
| | ) | (WO) |
| RICHARD A. STEHL | ) | |

## ORDER ON ARRAIGNMENT

On September 10, 2018, the defendant, RICHARD A. STEHL, appeared in person and in open court with counsel, Andrew Skier, and was arraigned in accordance with Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.** The defendant entered a plea of **NOT GUILTY**. Counsel for the defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the final pretrial conference and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.** The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants. But in difficult or complex cases, defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is only tentative and is not binding on the United States Probation Office, the parties, or the court. The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests a matter of routine. A request for Sentencing Guideline calculation assistance shall be made in writing to the supervisor of the Presentence Investigation Unit of the United States Probation Office no later than **10 working days** from the date of this order. The calculation shall be completed no later than 10 working days after the request.

**INITIAL PRETRIAL CONFERENCE.** An initial pretrial conference is set for **September 13, 2018, at 3:30 p.m.** in Courtroom 2-B, Frank M. Johnson, Jr.

Federal Building and United States Courthouse Complex, One Church Street, Montgomery, Alabama before Chief United States District Judge W. Keith Watkins. The Clerk of the Court is DIRECTED to provide a court reporter for the conference. Before the conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this order. At the conference, defense counsel and counsel for the government shall be fully prepared to discuss the status of discovery, possible stipulations, and the estimated length of the trial.

**TRIAL.** This case shall be set for trial before Chief United States District Judge William Keith Watkins on a trial term set specially to commence on **November 5, 2018, at 10:00 a.m**., in Montgomery, Alabama, unless otherwise ordered by the court. **The court will not entertain any motion to continue filed after October 5, 2018, except for unforeseen, extraordinary circumstances beyond the control of either party.**

**PRETRIAL MOTIONS.** All pretrial motions under Fed. R. Crim. P. 12(b) and (d), 14 and 16; all notices under Fed. R. Crim. P. 12.1, 12.2 and 12.3; and any motion to compel under M.D. Ala. LCrR 16.1 Criminal Discovery (a copy of this Rule may be found at http://www.almd.uscourts.gov/forms/almd-local-rules) must be filed no later than **September 19, 2018**. No motion filed after this date will be considered unless filed with leave of court. A continuance of the pretrial conference or trial does not extend the motions deadline. The conferencing requirement set forth in M.D. Ala. LCrR 16.1(c) Criminal Discovery shall be met before the court will consider any discovery motion.

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions that are supported only by general or conclusory assertions founded on mere suspicion or conjecture. All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented." Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived. *See generally United States v. Richardson*, 764 F.2d 1514, 1526–27 (11th Cir. 1985).

The government shall file a response to **all** motions filed by the defendant on or before **September 28, 2018**.

**DISCOVERY.** All discovery in this action shall be conducted according to the requirements of M.D. Ala. LCrR 16.1 Criminal Discovery.

**TRIAL BRIEFS.** Trial briefs are due on or before **October 22, 2018**.

**FINAL PRETRIAL CONFERENCE.** A final pretrial conference is set for **October 30, 2018, at 8:30 a.m.** in Courtroom 2-B, Frank M. Johnson, Jr. Federal Building and United States Courthouse Complex, One Church Street, Montgomery, Alabama before Chief United States District Judge W. Keith Watkins. The Clerk of the Court is DIRECTED to provide a court reporter for the conference. No later than **three days** before the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference.

**JENCKS ACT STATEMENTS.** The government shall provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial. In certain complex cases, and upon motion of the defendant, the government may agree to earlier production.

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are ORDERED to appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

NOTE: Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within **fourteen**

**days** of the date of this order. Failure to obtain fees from a client is not an extraordinary circumstance.

DONE this 12th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE