FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAR   2  2019

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:18-CR-00358-WKW-SMD |
| | ) | [21 U.S.C. § 841(a)(1); |
| RICHARD A. STEHL | ) | 18 U.S.C. § 1347; |
| | ) | 18 U.S.C. § 1956; |
| | ) | 18 U.S.C. § 2] |
| | ) | |
| | ) | SUPERSEDING INDICTMENT |

The Grand Jury charges:

## I. BACKGROUND

1.     At all times material to this Superseding Indictment, the Alabama Board of

Medical Examiners and Medical Licensure Commission of Alabama (ABME) was a state agency

charged with protecting the health and safety of the citizens of Alabama by, among other things,

licensing and regulating physicians to practice medicine or osteopathy within Alabama.

2.     At all times material to this Superseding Indictment, the Drug Enforcement

Administration (DEA) was a law enforcement and regulatory agency of the United States

Department of Justice.  Among the DEA's objectives were preventing and detecting the unlawful

diversion or misuse of controlled substances authorized for medical usages.  Such controlled

substances were those drugs listed in Schedule II, Schedule III, Schedule IV, and Schedule V of

schedules promulgated pursuant to the Controlled Substances Act.  In furtherance of its mission,

the DEA issued registrations to physicians, nurse practitioners, physicians' assistants and other

types of health care providers authorizing those health care providers to issue prescriptions for

controlled substances when legitimate medical needs supported the issuance of prescriptions and

the issuance of a prescription for a controlled substance was within a practitioner's normal

medical practice.

3.     At all times material to this Superseding Indictment, for a physician licensed by the ABME to lawfully prescribe a controlled substance within Alabama, that practitioner had to obtain both a controlled substances registration from the DEA and also an Alabama Controlled Substances Certificate (ACSC) from the ABME.

4.     At all times material to this Superseding Indictment, it was outside the usual course of professional medical practice for a health care provider to issue a controlled substance in a manner that violates a generally applicable ABME rule or a limitation imposed by the ABME on the specific health care provider's ability to prescribe controlled substances.

5.     At all times material to this Superseding Indictment, the following entities provided health insurance to individuals and were "health care benefit program[s]" as defined in Title 18, United States Code, Section 24(b): BCBSAL and Medicare.

## II. INTRODUCTION

6.     From an unknown date and continuing until in or about August of 2018, Defendant Richard A. Stehl was a physician licensed to practice medicine in Alabama by the ABME.  During some or all of that period, Stehl was licensed by the DEA and the ABME to issue prescriptions for controlled substances.

7.     On or about October 23, 2009, Defendant Stehl filed with the Alabama Secretary of State articles of incorporation for a business entity, HealthCare on Demand, P.C. (Healthcare on Demand).  HealthCare on Demand was the business entity through which Stehl worked as a general practice physician.  Stehl was the sole owner and incorporator of HealthCare on Demand.  Stehl was also the only physician practicing through HealthCare on Demand. HealthCare on Demand employed medical assistants, clerical workers, and other individuals to support Stehl's medical practice.

2

8.      From the time of its incorporation until in or about 2010, Defendant Stehl

operated HealthCare on Demand in rented office space located at 4135 Atlanta Highway,

Montgomery, Alabama 36109.

9.      In or about June of 2012, Defendant Stehl entered into a physician monitoring

contract with the ABME.  Under that contract, Stehl agreed to the following term:

> Refrain from diagnosing and treating Attention Deficit/Hyperactivity Disorder and
> refer these patients for such treatment to a qualified psychologist/psychiatrist team
> for proper diagnosis and treatment, however, those current patients who have
> chronic, co-morbid conditions (i.e., diabetes, GERD, hypothyroidism, etc) with
> whom Dr. Stehl has already been treating for ADHD (based on a
> psychiatric/psychological evaluation contained in the patient's chart) can continue
> to receive their stimulant medication prescriptions from Dr. Stehl, as long as this
> focal population of patients meets with a psychiatrist once a year for a follow-up
> evaluation.

Subsequently, the ABME received the physician monitoring contract; as a result, its terms

governed Stehl's practice of medicine for five years from the date Stehl signed the agreement.

### III. DRUG DISTRIBUTION COUNTS

COUNT 1
(Distribution of a Controlled Substance)

10.     The factual allegations contained in paragraphs 1 through 9 of this Superseding

Indictment are realleged and incorporated herein as if copied verbatim.

11.     On or about May 14, 2012 and continuing until on or about August 2, 2018, in

Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed mixtures and substances containing detectable amounts of controlled substances, to

wit: phentermine, a Schedule IV controlled substance and tramadol, a Schedule IV controlled

substance, all to Amanda B., all outside the usual course of professional medical practice and for

3

no legitimate medical purpose. All in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 2
(Distribution of a Controlled Substance)

12.     The factual allegations contained in paragraphs 1 through 11 of this Superseding

Indictment are realleged and incorporated herein as if copied verbatim.

13.     On or about January 12, 2016 and continuing until on or about August 2, 2018, in

Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed mixtures and substances containing detectable amounts of controlled substances, to

wit: buprenorphine, a Schedule III controlled substance; alprazolam, a Schedule IV controlled

substance; phentermine, a Schedule IV controlled substance; tramadol, a Schedule IV controlled

substance; and zolpidem, a Schedule IV controlled substance, all to Debra B., all outside the

usual course of professional medical practice and for no legitimate medical purpose. All in

violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code,

Section 2.

## COUNT 3
(Distribution of a Controlled Substance)

14.     The factual allegations contained in paragraphs 1 through 13 of this Superseding

Indictment are realleged and incorporated herein as if copied verbatim.

15.     On or about August 11, 2010 and continuing until on or about August 2, 2018, in

Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

4

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed mixtures and substances containing detectable amounts of controlled substances, to

wit: hydrocodone, a Schedule II controlled substance; butalbital, a Schedule III controlled

substance; codeine with acetaminophen, a Schedule III controlled substance; carisoprodol, a

Schedule IV controlled substance; clonazepam, a Schedule IV controlled substance; diazepam, a

Schedule IV controlled substance; tramadol, a Schedule IV controlled substance; and zolpidem, a

Schedule IV controlled substance, all to Ann L., all outside the usual course of professional

medical practice and for no legitimate medical purpose.  All in violation of Title 21, United

States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT 4
(Distribution of a Controlled Substance)

16.    The factual allegations contained in paragraphs 1 through 15 of this Superseding

Indictment are realleged and incorporated herein as if copied verbatim.

17.    On or about November 4, 2010 and continuing until on or about August 6, 2018,

in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed mixtures and substances containing detectable amounts of controlled substances, to

wit: dextroamphetamine-amphetamine, a Schedule II controlled substance; butalbital, a Schedule

III controlled substance; codeine with acetaminophen, a Schedule III controlled substance;

alprazolam, a Schedule IV controlled substance; carisoprodol, a Schedule IV controlled

substance; lorazepam, a Schedule IV controlled substance; tramadol, a Schedule IV controlled

substance; zolpidem, a Schedule IV controlled substance; and pregabalin, a Schedule V

controlled substance, all to James M., all outside the usual course of professional medical

5

practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT 5
(Distribution of a Controlled Substance)

18.     The factual allegations contained in paragraphs 1 through 17 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

19.     On or about July 2, 2015 and continuing until on or about July 30, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: hydrocodone, a Schedule II controlled substance; butalbital, a Schedule III controlled substance; codeine with acetaminophen, a Schedule III controlled substance; alprazolam, a Schedule IV controlled substance; eszopiclone, a Schedule IV controlled substance; lorazepam, a Schedule IV controlled substance; phentermine, a Schedule IV controlled substance; tramadol, a Schedule IV controlled substance; and zolpidem, a Schedule IV controlled substance, all to Tammy M., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 6
(Distribution of a Controlled Substance)

20.     The factual allegations contained in paragraphs 1 through 19 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

21.     On or about June 26, 2015 and continuing until on or about August 7, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

6

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: buprenorphine, a Schedule III controlled substance; alprazolam, a Schedule IV controlled substance; and lorazepam, a Schedule IV controlled substance, all to Paige O., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 7
### (Distribution of a Controlled Substance)

22.     The factual allegations contained in paragraphs 1 through 21 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

23.     On or about December 3, 2012 and continuing until on or about August 1, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine-amphetamine, a Schedule II controlled substance; hydrocodone, a Schedule II controlled substance; carisoprodol, a Schedule IV controlled substance; clonazepam, a Schedule IV controlled substance; lorazepam, a Schedule IV controlled substance; temazepam, a Schedule IV controlled substance; and pregabalin, a Schedule V controlled substance, all to William P., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT 8</u>
(Distribution of a Controlled Substance)

24.     The factual allegations contained in paragraphs 1 through 23 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

25.     On or about April 19, 2011 and continuing until on or about July 19, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine-amphetamine, a Schedule II controlled substance; lisdexamfetamine, a Schedule II controlled substance; butalbital, a Schedule III controlled substance; alprazolam, a Schedule IV controlled substance; and carisoprodol, a Schedule IV controlled substance, all to Misty R., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT 9</u>
(Distribution of a Controlled Substance)

26.     The factual allegations contained in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

27.     On or about August 7, 2014 and continuing until on or about May 21, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: hydrocodone, a Schedule II controlled substance; dextroamphetamine-amphetamine, a

8

Schedule II controlled substance; alprazolam, a Schedule IV controlled substance; diazepam, a Schedule IV controlled substance; phentermine, a Schedule IV controlled substance; suvorexant, a Schedule IV controlled substance; and zolpidem, a Schedule IV controlled substance, all to Grace S., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 10
(Distribution of a Controlled Substance)

28.     The factual allegations contained in paragraphs 1 through 27 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

29.     On or about July 12, 2010 and continuing until on or about August 2, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: hydrocodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance; carisoprodol, a Schedule IV controlled substance; clonazepam, a Schedule IV controlled substance; lorazepam, a Schedule IV controlled substance; phentermine, a Schedule IV controlled substance; temazepam, a Schedule IV controlled substance; and pregabalin, a Schedule V controlled substance, all to Rashilda W., all outside the usual course of professional medical practice and for no legitimate medical purpose.  All in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT 11
(Distribution of a Controlled Substance)

30.     The factual allegations contained in paragraphs 1 through 29 of this Superseding

9

Indictment are realleged and incorporated herein as if copied verbatim.

31.    In or about June of 2012 and continuing through in or about June of 2017 in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed mixtures and substances containing detectable amounts of controlled substances, to wit: dextroamphetamine-amphetamine, a Schedule II controlled substance; and lisdexamfetamine, a Schedule II controlled substance, to patients of HealthCare on Demand (excluding patients James M., William P., Misty R., and Grace S.), all outside the usual course of professional medical practice in that when he wrote each prescription, Stehl violated the portion of the June 2012 prescription monitoring agreement quoted in paragraph 9 of this Superseding Indictment.  All in violation of Title 21, United States Code, Section 841.

## IV. HEALTH CARE FRAUD COUNTS

### COUNTS 12 THROUGH 17
(Health Care Fraud)

32.    The factual allegations contained in paragraphs 1 through 31 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

### THE SCHEME

33.    Beginning on an unknown date and continuing until on or about August 7, 2018, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and willfully, with intent to defraud, devised and intended to devise, a scheme and artifice to defraud, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of

10

health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services. The scheme and artifice is set forth below.

## MANNER AND MEANS

It was part of the scheme that:

34. Defendant Stehl issued to patients of HealthCare on Demand, including, but not limited to, the patients described in paragraphs 10 through 29, vague diagnoses unsupported by diagnostic evidence.

35. Based upon these vague and unsupported diagnoses, Defendant Stehl gave and caused to be given prescriptions for controlled substances to these patients, including but not limited to, medications containing dextroamphetamine-amphetamine, hydrocodone, lisdexamfetamine, buprenorphine, alprazolam, carisoprodol, clonazepam, diazepam, temazepam, zolpidem, and pregabalin. Stehl did so despite knowing that each prescription was outside the ordinary course of normal professional conduct and for no legitimate medical purpose.

36. Defendant Stehl usually prescribed controlled substances in 30-day quantities. Stehl required each patient to return to the offices of HealthCare on Demand each month for an office visit. At the conclusion of an office visit, Stehl issued or caused to be issued to the patient a new 30-day controlled substance prescription.

37. These monthly office visits were medically unnecessary. As no legitimate medical reasons existed for the patients' receipt of controlled substances, no legitimate medical reasons existed for the patients undergoing monthly medical office visits.

38. After performing these unnecessary office visits, Defendant Stehl submitted and caused to be submitted to the health care benefit programs providing health insurance for the

11

patients claims for the office visits.

39.     In most instances, Defendant Stehl used on each claim current procedural terminology (CPT) code 99214.  By doing so, Stehl indicated to the recipient health care benefit program that the office visit was "an office visit or other outpatient visit for the evaluation and management of an established patient, which require[d] at least two of [the following] key components: a detailed history, a detailed examination and medical decision making of moderate complexity."  Frequently, Stehl submitted claims for office visits using the 99214 code even though the office visits did not meet the above-quoted requirements.  Stehl did so because, as he knew, the health care benefit programs reimbursed at higher rates for 99214 office visits than they did for office visits meeting the criteria for a less complex office visit CPT code (such as 99213, 99212, or 99211 office visits).

40.     The health care benefit programs then reimbursed HealthCare on Demand for the claims submitted by Defendant Stehl.  In most instances, Stehl received between $65 and $95 for each claim.

41.     In submitting these claims and causing these claims to be submitted, Defendant Stehl warranted that the office visits were for legitimate medical purposes.  As Stehl then knew, this was false.

42.     Additionally, in submitting these claims and causing these claims to be submitted, Defendant Stehl omitted the material fact that the office visits were for the singular purpose of perpetuating the illegitimate prescribing of controlled substances.

43.     Additionally, in submitting these claims and causing these claims to be submitted, Defendant Stehl, on many occasions, falsely certified that the visits described in the claims met the requirements for the 99214 CPT code.

THE CHARGES

44.     During each date range set forth below, in Montgomery County, within the
Middle District of Alabama, and elsewhere, the defendant,

RICHARD A. STEHL,

for the purpose of executing the above-described scheme and artifice to defraud and for obtaining
money and property by means of materially false and fraudulent pretenses, representations, and
promises, money and property owned and under the custody and control of health care benefit
programs, as defined in Title 18, United States Code, Section 24(b), in connection with the
delivery of and payment for health care benefits, items, and services, did render medically
illegitimate and unnecessary treatment to the following patients, with the treatment of each
patient giving rise to a separate count against the named defendant.

| COUNT | PATIENT TREATED | ON OR ABOUT DATE RANGE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| 12 | Ann L. | August 8, 2010 through July 18, 2018 | Medicare |
| 13 | James M. | November 4, 2010 through July 18, 2018 | Medicare |
| 14 | Tammy M. | July 2, 2015 through July 18, 2018 | BCBSAL |
| 15 | Misty R. | April 19, 2011 through July 19, 2018 | BCBSAL |

| 16 | Grace S. | August 7, 2014 through May 21, 2018 | BCBSAL |
|---|---|---|---|
| 17 | Rashilda W. | November 1, 2013 through July 6, 2018 | Medicare |

Each in violation of Title 18, United States Code, Section 1347 and Title 18, United States Code, Section 2.

<u>COUNTS 18 THROUGH 22</u>
(Health Care Fraud)

45.     The factual allegations contained in paragraphs 1 through 44 of this Superseding Indictment are realleged and incorporated herein as if copied verbatim.

THE SCHEME

46.     Beginning on an unknown date and continuing until on or about August 7, 2018, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and willfully, with intent to defraud, devised and intended to devise, a scheme and artifice to defraud, and to deprive health care benefit programs, as defined in Title 18, United States Code, Section 24(b), of money and property in their custody and control, in connection with the delivery of and payment for health care benefits, items, and services. The scheme and artifice is set forth below.

MANNER AND MEANS

It was part of the scheme that:

47.     Defendant Stehl issued to patients of HealthCare on Demand, including, but not

14

limited to, the patients described in paragraphs 10 through 29, vague diagnoses unsupported by diagnostic evidence.

48.     Based upon these vague and unsupported diagnoses, Defendant Stehl gave and caused to be given prescriptions for controlled substances to these patients, including but not limited to, medications containing dextroamphetamine-amphetamine, hydrocodone, lisdexamfetamine, buprenorphine, alprazolam, carisoprodol, clonazepam, diazepam, temazepam, zolpidem, and pregabalin. Stehl would do so despite knowing that each prescription was outside the ordinary course of normal professional conduct and for no legitimate medical purpose. By issuing the above-described prescriptions, Stehl would warrant that legitimate medical needs existed for the dispensing of the prescribed medications. As Stehl then knew, no such medical need existed.

49.     The patients would then go to pharmacies for the purpose of filling prescriptions.

50.     The health care benefit program of each patient would then pay the pharmacy for some or all of the cost of the prescription—despite the fact that no legitimate medical need existed for the prescribing of the medications.

## THE CHARGES

51.     During each date range set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

## RICHARD A. STEHL,

for the purpose of executing the above-described scheme and artifice to defraud, and to deprive health care benefit programs, as defined in Title 18, United States Code, Section 24(b), of money and property in their custody and control, in connection with the delivery of and payment for health care benefits, items, and services, did cause the following health care benefit programs to

15

pay pharmacies for the costs of filling medically illegitimate prescriptions for the following

patients, with prescriptions for each patient giving rise to a separate count.

| COUNT | PATIENT TREATED | ON OR ABOUT DATE RANGE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| 18 | James M. | November 4, 2010 through July 21, 2018 | Medicare |
| 19 | Tammy M. | July 2, 2015 through August 1, 2018 | BCBSAL |
| 20 | Misty R. | April 19, 2011 through July 20, 2018 | BCBSAL |
| 21 | Grace S. | August 7, 2014 through May 21, 2018 | BCBSAL |
| 22 | Rashilda W. | November 1, 2013 through July 10, 2018 | Medicare |

Each in violation of Title 18, United States Code, Section 1347 and Title 18, United States Code,

Section 2.

## V. MONEY LAUNDERING COUNTS

### COUNTS 23 THROUGH 26
(Money Laundering – Concealment)

52.     The factual allegations contained in paragraphs 1 through 51 of this Superseding

Indictment are realleged and incorporated herein as if copied verbatim.

## A.     Introduction

53.     At all times relevant to this Superseding Indictment, HealthCare on Demand, the business entity through which Defendant Stehl practiced medicine, received payments from patients and from health care benefit programs for conducting office visits and providing other health care procedures.  Some of the payments from the patients and the health care benefit programs constituted the proceeds of unlawful drug distribution, as the office visits and health care procedures giving rise to the payments were performed for the sole purpose of distributing a medically illegitimate prescription for a controlled substance.  Some of the payments from the health care benefit programs also constituted the proceeds of health care fraud, as the claims resulting in the payments were for medically unnecessary office visits.

54.     At all times material to this Superseding Indictment, upon receipt of these payments, Defendant Stehl deposited the funds into a financial institution checking account owned by HealthCare on Demand and controlled by Stehl located Wells Fargo & Company (Wells Fargo).  The account number ended in 1801.

55.     On or about October 12, 2010, Defendant Stehl filed with the Alabama Secretary of State a certificate of formation a business entity, for SLE Enterprises, LLC (SLE Enterprises). From on or about October 12, 2010 through on or about January 4, 2012, Stehl was the sole director, manager, and organizer of SLE Enterprises.  The purpose of SLE Enterprises was to be a shell corporation through which Stehl could disguise the nature, source, ownership, and control of revenue Stehl generated by unlawfully prescribing and dispensing controlled substances and by committing health care fraud.

56.     In or about 2010, Defendant Stehl, through SLE Enterprises, purchased office space located at 201 Winton M. Blount Loop, Montgomery, Alabama 36117.  Stehl did so

17

intending to relocate the offices of HealthCare on Demand to that location.

57.     In or about 2010, Defendant Stehl opened a financial institution checking account at Trustmark National Bank (Trustmark) for SLE Enterprises. The account number ended in 8153. At all times relevant to this Superseding Indictment, Stehl was the only owner of the 8153 Trustmark account and the only person authorized to access the funds in that account.

58.     In or about 2011, Defendant Stehl moved HealthCare on Demand to the building located at 201 Winton M. Blount Loop, Montgomery, Alabama 36117. From in or about 2011 through on or about August 7, 2018, Stehl operated HealthCare on Demand in the Winton M. Blount Loop building. During that period, HealthCare on Demand made annual rent payments to SLE Enterprises, the owner of 201 Winton M Blount Loop, Montgomery, Alabama 36117. These annual rent payments were drawn from the 1801 Wells Fargo account and deposited into the 8153 Trustmark account.

59.     On or about January 4, 2012, Defendant Stehl transferred ownership of SLE Enterprises from himself to Betty S. Betty S. was a relative of Stehl's. This transfer was a sham. The purpose of the transfer was to further disguise the nature, source, ownership, and control of the funds held by SLE Enterprises. After the transfer, Stehl retained full control of SLE Enterprises and was entitled to the vast majority of the revenue generated by SLE Enterprises— revenue consisting primarily of rent payments made by HealthCare on Demand (Stehl's business) to SLE Enterprises.

60.     After on or about January 4, 2012 and continuing through on or about August 7, 2018, the annual rent payments made by HealthCare on Demand to SLE Enterprises continued to be deposited into the 8153 Trustmark account. During that period, SLE Enterprises moved money from the 8153 Trustmark account to, among other locations, an investment account

18

owned by Stehl. SLE Enterprises also spent funds for the purpose of purchasing a personal residence for Stehl.

## B.    The Charges

61.    On or about each date set forth below, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

RICHARD A. STEHL,

aided and abetting another and aided and abetted by another, did knowingly and unlawfully cause to be conducted and attempt to cause to be conducted financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activities, namely, drug distribution, in violation of Title 21, United States Code, Section 841, and health care fraud, in violation of Title 18, United States Code, Section 1347, with the intent to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, by causing the following amounts to be transferred by check from a financial institution account owned by HealthCare on Demand to the 8153 Trustmark account owned by SLE Enterprises, on or about the dates set forth below, with each checking transaction giving rise to a separate count.

| COUNT | ON OR ABOUT DATE | DESCRIPTION |
|-------|------------------|-------------|
| 23 | July 10, 2015 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $66,400.00; notated as "Rent May – Dec 2015" |
| 24 | May 16, 2016 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $102,000.00; notated as "2016 Rent" |

| 25 | August 25, 2017 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $102,000.00; notated as "Rent 2017" |
| 26 | June 18, 2018 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $51,000.00; notated as "Rent 2018 Jan – June" |

Each violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION-1

A.      The allegations contained in counts 1 through 11 of this superseding indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

B.      Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 846, set forth in counts 1 through 11 of this superseding indictment, the defendant,

## RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 841(a). The property includes, but is not limited to:

CURRENCY

$72,368.04 seized August 9, 2018, during the execution of a federal search warrant at Brisbane Place in Montgomery, Alabama;

20

$377,434.18 representing remaining funds as a result of the liquidation of Charles Schwab account number xxxx-1414;

REAL PROPERTY

**201 Winton M. Blount Loop, Montgomery, Alabama**, more particularly described as follows: Lot 1, in Block B, according to the Map of Mitylene Office Park Plat No. 1, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 45, at Page 139; and,

**7248 Brisbane Place, Montgomery, Alabama**, more particularly described as follows: Lot 12, Block JJ of Wynlakes Phase II, Plat No. 10, as the Map thereof appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 46, at Page 72.

      C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

      (1)    cannot be located upon the exercise of due diligence;

      (2)    has been transferred or sold to, or deposited with, a third party;

      (3)    has been placed beyond the jurisdiction of the court;

      (4)    has been substantially diminished in value; or

      (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

FORFEITURE ALLEGATION-2

      A.    The allegations contained in counts 12 through 22 of this superseding indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

      B.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1347 set forth in counts 12 through 22 of this superseding indictment, the defendant,

21

RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any

and all property constituting or derived from proceeds defendant obtained directly or indirectly as

a result of the offenses in violation of Title 18, United States Code, Section 1347. The property

includes, but is not limited to:

CURRENCY

$72,368.04 seized August 9, 2018, during the execution of a federal search warrant at Brisbane
Place in Montgomery, Alabama;

$377,434.18 representing remaining funds as a result of the liquidation of Charles Schwab account
number xxxx-1414;

REAL PROPERTY

**201 Winton M. Blount Loop, Montgomery, Alabama**, more particularly described as follows:
Lot 1, in Block B, according to the Map of Mitylene Office Park Plat No. 1, as said Map appears
of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 45,
at Page 139; and,

**7248 Brisbane Place, Montgomery, Alabama**, more particularly described as follows:
Lot 12, Block JJ of Wynlakes Phase II, Plat No. 10, as the Map thereof appears of record in the
Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 46, at Page 72.

      C.      If any of the property described in this forfeiture allegation, as a result of any act

or omission of the defendant:

          (1)      cannot be located upon the exercise of due diligence;

          (2)      has been transferred or sold to, or deposited with, a third party;

          (3)      has been placed beyond the jurisdiction of the court;

          (4)      has been substantially diminished in value; or

          (5)      has been commingled with other property which cannot be divided
                   without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

22

All pursuant to Title 18, United States Code, Section 982(a)(7).

### FORFEITURE ALLEGATION-3

A.     The allegations contained in counts 23 through 26 of this superseding indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

B.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) set forth in counts 23 through 26 of this superseding indictment, the defendant,

### RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).  The property includes, but is not limited to:

#### CURRENCY

$72,368.04 seized August 9, 2018, during the execution of a federal search warrant at Brisbane Place in Montgomery, Alabama;

$377,434.18 representing remaining funds as a result of the liquidation of Charles Schwab account number xxxx-1414;

#### REAL PROPERTY

**201 Winton M. Blount Loop, Montgomery, Alabama**, more particularly described as follows: Lot 1, in Block B, according to the Map of Mitylene Office Park Plat No. 1, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 45, at Page 139; and,

**7248 Brisbane Place, Montgomery, Alabama**, more particularly described as follows: Lot 12, Block JJ of Wynlakes Phase II, Plat No. 10, as the Map thereof appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 46, at Page 72.

23

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

        (1)    cannot be located upon the exercise of due diligence;

        (2)    has been transferred or sold to, or deposited with, a third party;

        (3)    has been placed beyond the jurisdiction of the court;

        (4)    has been substantially diminished in value; or

        (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL:

Foreperson

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

Jonathan S. Ross
Assistant United States Attorney

Megan A. Kirkpatrick
Assistant United States Attorney

R. Randolph Neeley
Assistant United States Attorney