IN THE UNITED STATES DISTRICT COURT ᴿ ᴱ Ϲ ᴱ ᴵ Ⅴ ᴱ Ꭰ
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )  ᴰ ᴱ ᴮ ᴿ ᴬ ᴾ. ᴴ ᴬ ᴼ ᴷ ᴱ ᵀ ᵀ. Ϲ Ꮮ Ꮶ |
| | ) |
| v. | )  CR. NO. 2:18-cr-00358-TFM-SMD |
| | )  [21 U.S.C. § 841(a)(1); |
| RICHARD A. STEHL | )  18 U.S.C. § 1347; |
| | )  18 U.S.C. § 1956(a); |
| | )  18 U.S.C. § 2] |
| | ) |
| | )  SECOND SUPERSEDING INDICTMENT |

The Grand Jury charges:

## I. BACKGROUND

1. At all times material to this Second Superseding Indictment, the Alabama Board of Medical Examiners and Medical Licensure Commission of Alabama (ABME) was a state agency charged with protecting the health and safety of the citizens of Alabama by, among other things, licensing and regulating physicians to practice medicine or osteopathy within Alabama.

2. At all times material to this Second Superseding Indictment, the Drug Enforcement Administration (DEA) was a law enforcement and regulatory agency of the United States Department of Justice. Among the DEA's objectives was preventing and detecting the unlawful diversion or misuse of controlled substances authorized for medical usages. Such controlled substances were those drugs listed in Schedule II, Schedule III, Schedule IV, and Schedule V of schedules promulgated pursuant to the Controlled Substances Act. In furtherance of its mission, the DEA issued registrations to physicians, nurse practitioners, physicians' assistants and other types of health care providers authorizing those health care providers to issue prescriptions for controlled substances when legitimate medical needs supported the issuance of prescriptions and the issuance of a prescription for a controlled substance was within a practitioner's normal medical practice.

3. At all times material to this Second Superseding Indictment, for a physician licensed by the ABME to lawfully prescribe a controlled substance within Alabama, that practitioner had to obtain both a controlled substances registration from the DEA and also an Alabama Controlled Substances Certificate (ACSC) from the ABME.

4. At all times material to this Second Superseding Indictment, it was outside the usual course of professional medical practice for a health care provider to issue a controlled substance in a manner that violates a generally applicable ABME rule or a limitation imposed by the ABME on the specific health care provider's ability to prescribe controlled substances.

5. At all times material to this Second Superseding Indictment, the following entities provided health insurance to individuals and were "health care benefit program[s]" as defined in Title 18, United States Code, Section 24(b): BCBSAL and Medicare.

6. At all times material to this Second Superseding Indictment, the following drugs were controlled substances:

    a. Alprazolam, a benzodiazepine, was a Schedule IV controlled substance commonly prescribed to treat anxiety and panic disorders;

    b. Butalbital-acetaminophen-caffeine, a barbiturate combined with other drugs, was a Schedule III controlled substance commonly prescribed to treat pain and headaches;

    c. Buprenorphine, an opioid, was a Schedule III controlled substance commonly prescribed to treat, among other things, chronic pain;

    d. Carisoprodol, a muscle relaxer, was a Schedule IV controlled substance commonly prescribed to treat skeletal muscle conditions such as pain or injury;

    e. Clonazepam, a benzodiazepine, was a Schedule IV controlled substance

2

commonly prescribed to prevent and control seizures and to treat panic attacks;

  f. Codeine, an opioid, was a Schedule II controlled substance commonly prescribed to treat mild to moderate pain;

  g. Diazepam, a benzodiazepine, was a Schedule IV controlled substance commonly prescribed to treat anxiety disorders and muscle spasms;

  h. Dextroamphetamine-amphetamine, a stimulant, was a Schedule II controlled substance commonly prescribed to treat attention deficit hyperactivity disorder;

  i. Eszopiclone, a sedative, was a Schedule IV controlled substance commonly prescribed to treat insomnia;

  j. Hydrocodone, an opioid, was a Schedule II controlled substance commonly prescribed to treat, among other things, chronic cough;

  k. Lisdexamfetamine, a stimulant, was a Schedule II controlled substance commonly prescribed to treat attention deficit hyperactivity disorder;

  l. Lorazepam, a benzodiazepine, was a Schedule IV controlled substance commonly prescribed to treat anxiety disorders;

  m. Phentermine, a stimulant, was a Schedule IV controlled substance commonly prescribed as an appetite suppressant;

  n. Pregabalin, an anti-seizure medication, was a Schedule V controlled substance commonly prescribed to treat epilepsy and pain caused by nerve damage;

  o. Suvorexant, a sedative, was a Schedule IV controlled substance commonly prescribed to treat insomnia;

  p. Temazepam, a benzodiazepine, was a Schedule IV controlled substance commonly prescribed to treat short-term insomnia;

3

q.     Testosterone, a synthetic steroid hormone, was a Schedule III controlled

substance commonly prescribed to treat low testosterone levels in men;

r.     Tramadol, a narcotic, was a Schedule IV controlled substance commonly

prescribed to treat moderate to severe pain; and

s.     Zolpidem, a sedative, was a Schedule IV controlled substance commonly

prescribed to treat insomnia.

## II. INTRODUCTION

7.     From an unknown date and continuing until in or about August of 2018,

Defendant Richard A. Stehl was a physician licensed to practice medicine in Alabama by the

ABME.  During some or all of that period, Stehl was licensed by the DEA and the ABME to

issue prescriptions for controlled substances.

8.     On or about October 23, 2009, Defendant Stehl filed with the Alabama Secretary

of State articles of incorporation for a business entity, HealthCare on Demand, P.C. (HealthCare

on Demand).  HealthCare on Demand was the business entity through which Stehl worked as a

general practice physician.  Stehl was the sole owner and incorporator of HealthCare on

Demand.  Stehl was also the only physician practicing through HealthCare on Demand.

HealthCare on Demand employed medical assistants, clerical workers, and other individuals to

support Stehl's medical practice.  As discussed in greater detail below, beginning in or around

2011, the offices of HealthCare on Demand were located at or around 201 Winton M. Blount

Loop, Montgomery, Alabama 36117.

9.     From the time of its incorporation until in or about 2010, Defendant Stehl

operated HealthCare on Demand in rented office space located at 4135 Atlanta Highway,

Montgomery, Alabama 36109.

4

10.     In or about June of 2012, Defendant Stehl entered into a physician monitoring

contract with the ABME. Under that contract, Stehl agreed to the following term:

> Refrain from diagnosing and treating Attention Deficit/Hyperactivity Disorder and
> refer these patients for such treatment to a qualified psychologist/psychiatrist team
> for proper diagnosis and treatment, however, those current patients who have
> chronic, co-morbid conditions (i.e., diabetes, GERD, hypothyroidism, etc) with
> whom Dr. Stehl has already been treating for ADHD (based on a
> psychiatric/psychological evaluation contained in the patient's chart) can continue
> to receive their stimulant medication prescriptions from Dr. Stehl, as long as this
> focal population of patients meets with a psychiatrist once a year for a follow-up
> evaluation.

Subsequently, the ABME received the physician monitoring contract; as such, its terms governed

Stehl's practice of medicine for five years from the date Stehl signed the agreement.

## III. DRUG DISTRIBUTION COUNTS

### COUNTS 1 THROUGH 10
(Distribution of a Controlled Substance)

11.     The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

12.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed the following controlled substances, in each instance by giving a prescription to

patient Amanda B., with each prescription being outside the usual course of professional medical

practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with

each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-------------------------------------|
|       |                  |                                     |

5

| 1 | January 6, 2015 | Tramadol |
|---|---|---|
| 2 | February 2, 2015 | Tramadol |
| 3 | March 4, 2015 | Tramadol |
| 4 | April 1, 2015 | Tramadol |
| 5 | May 1, 2015 | Tramadol |
| 6 | June 8, 2015 | Tramadol |
| 7 | October 27, 2015 | Tramadol |
| 8 | February 9, 2016 | Tramadol |
| 9 | March 8, 2017 | Phentermine and Tramadol |
| 10 | March 23, 2018 | Tramadol |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 11 THROUGH 20
### (Distribution of a Controlled Substance)

13.     The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

14.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed the following controlled substances, in each instance by giving a prescription to

patient Debra B., with each prescription being outside the usual course of professional medical

practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with

each prescription giving rise to a separate count:

6

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-----------------------------------|
| 11 | January 12, 2016 | Phentermine and Tramadol |
| 12 | April 7, 2016 | Phentermine and Tramadol |
| 13 | June 6, 2016 | Phentermine, Tramadol, and Zolpidem |
| 14 | June 29, 2016 | Phentermine and Tramadol |
| 15 | September 27, 2016 | Alprazolam, Phentermine, Tramadol, and Zolpidem |
| 16 | February 1, 2017 | Alprazolam, Phentermine, Tramadol, and Zolpidem |
| 17 | May 30, 2017 | Alprazolam, Phentermine, Tramadol, and Zolpidem |
| 18 | October 13, 2017 | Alprazolam, Phentermine, and Tramadol |
| 19 | November 6, 2017 | Buprenorphine |
| 20 | August 2, 2018 | Buprenorphine and Phentermine |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 21 THROUGH 30
(Distribution of a Controlled Substance)

15. The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

16. On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, the defendant,

## RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

7

dispensed the following controlled substances, in each instance by giving a prescription to patient Ann L., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-----------------------------------|
| 21 | October 23, 2014 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, Codeine, Tramadol, and Zolpidem |
| 22 | May 13, 2015 | Carisoprodol, Clonazepam, Tramadol, and Zolpidem |
| 23 | September 22, 2015 | Carisoprodol, Tramadol, and Zolpidem |
| 24 | October 20, 2015 | Carisoprodol, Codeine, Tramadol, and Zolpidem |
| 25 | February 9, 2016 | Carisoprodol, Clonazepam, Tramadol, and Zolpidem |
| 26 | March 8, 2016 | Butalbital-acetaminophen-caffeine, Carisoprodol, Tramadol, and Zolpidem |
| 27 | May 3, 2016 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, Tramadol, and Zolpidem |
| 28 | October 31, 2016 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, Tramadol, and Zolpidem |
| 29 | December 7, 2017 | Butalbital-acetaminophen-caffeine, Clonazepam, Tramadol, and Zolpidem |

8

| 30 | March 8, 2018 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, Tramadol, and Zolpidem |
|----|---------------|-----------------------------------------------------------------------------------|

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 31 THROUGH 41
### (Distribution of a Controlled Substance)

17. The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

18. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient James M., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-------------------------------------|
| 31 | October 27, 2014 | Tramadol |
| 32 | October 31, 2014 | Dextroamphetamine-amphetamine |
| 33 | November 4, 2014 | Lorazepam |
| 34 | November 18, 2014 | Alprazolam, Dextroamphetamine-amphetamine, and Lorazepam |

9

| 35 | March 4, 2015 | Codeine |
|----|---------------|---------|
| 36 | May 1, 2015 | Alprazolam, Dextroamphetamine-amphetamine, and Zolpidem |
| 37 | October 16, 2015 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, Codeine, Dextroamphetamine-amphetamine, and Zolpidem |
| 38 | May 17, 2017 | Butalbital-acetaminophen-caffeine, Carisoprodol, Clonazepam, and Dextroamphetamine-amphetamine |
| 39 | September 11, 2017 | Dextroamphetamine-amphetamine, Tramadol, and Zolpidem |
| 40 | April 17, 2018 | Codeine, Dextroamphetamine-amphetamine, Pregabalin, Tramadol, and Zolpidem |
| 41 | June 7, 2018 | Butalbital-acetaminophen-caffeine |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 42 THROUGH 51
(Distribution of a Controlled Substance)

19.     The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

20.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

10

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed the following controlled substances, in each instance by giving a prescription to

patient Tammy M., with each prescription being outside the usual course of professional medical

practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with

each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-------------------------------------|
| 42 | August 10, 2015 | Alprazolam and Tramadol |
| 43 | October 26, 2015 | Phentermine |
| 44 | February 8, 2016 | Alprazolam, Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| 45 | April 1, 2016 | Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| 46 | April 19, 2016 | Alprazolam, Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| 47 | August 9, 2016 | Alprazolam, Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| 48 | June 12, 2017 | Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| 49 | January 3, 2018 | Eszopiclone, Phentermine, and Tramadol |
| 50 | March 26, 2018 | Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |

| 51 | July 2, 2018 | Codeine, Butalbital-acetaminophen-caffeine, Phentermine, and Tramadol |
| --- | --- | --- |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 52 THROUGH 61
### (Distribution of a Controlled Substance)

21.     The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

22.     On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient Paige O., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
| --- | --- | --- |
| 52 | June 26, 2015 | Buprenorphine and Lorazepam |
| 53 | August 10, 2015 | Buprenorphine and Lorazepam |
| 54 | March 28, 2016 | Alprazolam and Buprenorphine |
| 55 | June 13, 2017 | Alprazolam and Buprenorphine |
| 56 | October 10, 2017 | Alprazolam and Buprenorphine |
| 57 | December 8, 2017 | Alprazolam and Buprenorphine |

| 58 | February 26, 2018 | Alprazolam and Buprenorphine |
| 59 | April 18, 2018 | Alprazolam and Buprenorphine |
| 60 | June 12, 2018 | Alprazolam and Buprenorphine |
| 61 | August 7, 2018 | Alprazolam and Buprenorphine |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 62 THROUGH 71
### (Distribution of a Controlled Substance)

23.    The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

24.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient William P., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
| --- | --- | --- |
| 62 | October 8, 2014 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, Pregabalin, and Temazepam |
| 63 | November 23, 2015 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |

13

| 64 | August 19, 2016 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, Pregabalin, and Temazepam |
|---|---|---|
| 65 | November 22, 2016 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, Pregabalin, and Temazepam |
| 66 | May 26, 2017 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, Pregabalin, and Temazepam |
| 67 | September 27, 2017 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |
| 68 | November 17, 2017 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |
| 69 | March 19, 2018 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |
| 70 | May 21, 2018 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |
| 71 | August 1, 2018 | Carisoprodol, Clonazepam, Dextroamphetamine-amphetamine, and Temazepam |

Each in violation of Title 21, United States Code, Section 841(a)(1).

COUNTS 72 THROUGH 81
(Distribution of a Controlled Substance)

25.     The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

14

26. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient Misty R., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|---|---|---|
| 72 | October 3, 2014 | Alprazolam, Butalbital-acetaminophen-caffeine, and Lisdexamfetamine |
| 73 | October 14, 2014 | Dextroamphetamine-amphetamine |
| 74 | December 19, 2014 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |
| 75 | December 10, 2015 | Alprazolam, Butalbital-acetaminophen-caffeine, Carisoprodol, and Dextroamphetamine-amphetamine |
| 76 | May 24, 2016 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |
| 77 | September 28, 2016 | Codeine |

15

| 78 | February 27, 2017 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |
| 79 | October 10, 2017 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |
| 80 | February 27, 2018 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |
| 81 | May 17, 2018 | Alprazolam, Butalbital-acetaminophen-caffeine, and Dextroamphetamine-amphetamine |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 82 THROUGH 91
(Distribution of a Controlled Substance)

27.    The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

28.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient Grace S., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

16

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-------------------------------------|
| 82 | November 19, 2014 | Alprazolam, Dextroamphetamine-amphetamine, and Diazepam |
| 83 | September 9, 2015 | Alprazolam, Dextroamphetamine-amphetamine, and Suvorexant |
| 84 | October 7, 2015 | Alprazolam, Dextroamphetamine-amphetamine, Phentermine, and Zolpidem |
| 85 | February 3, 2016 | Alprazolam, Codeine, and Dextroamphetamine-amphetamine |
| 86 | April 27, 2016 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |
| 87 | June 24, 2016 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |
| 88 | August 23, 2016 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |
| 89 | November 21, 2016 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |
| 90 | January 20, 2017 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |
| 91 | July 24, 2017 | Alprazolam, Dextroamphetamine-amphetamine, and Hydrocodone |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 92 THROUGH 101
(Distribution of a Controlled Substance)

29.     The factual allegations contained in paragraphs 1 through 10 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

30.     On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant,

## RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substances, in each instance by giving a prescription to patient Rashilda W., with each prescription being outside the usual course of professional medical practice and for no legitimate medical purpose, unlawfully, and for non-medical reasons, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE(S) PRESCRIBED |
|-------|------------------|-------------------------------------|
| 92 | December 23, 2014 | Alprazolam and Hydrocodone |
| 93 | January 24, 2015 | Carisoprodol |
| 94 | February 2, 2015 | Alprazolam and Carisoprodol |
| 95 | February 11, 2015 | Clonazepam |
| 96 | September 25, 2015 | Carisoprodol and Codeine |
| 97 | February 3, 2016 | Carisoprodol, Hydrocodone, Lorazepam, and Phentermine |
| 98 | August 10, 2016 | Temazepam |
| 99 | June 2, 2017 | Hydrocodone and Carisoprodol |

18

| 100 | December 5, 2017 | Alprazolam, Carisoprodol, Hydrocodone, and Temazepam |
| 101 | March 29, 2018 | Alprazolam, Carisoprodol, Hydrocodone, and Temazepam |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS 102 THROUGH 106
(Distribution of a Controlled Substance)

31. The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

32. On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and intentionally distribute and dispense and cause to be distributed and

dispensed the following controlled substances, in each instance by giving a prescription to a

patient listed below, with each prescription being outside the usual course of professional

medical practice, with each prescription giving rise to a separate count:

| COUNT | ON OR ABOUT DATE | CONTROLLED SUBSTANCE PRESCRIBED | PATIENT RECEIVING UNLAWFUL PRESCRIPTION |
| --- | --- | --- | --- |
| 102 | November 11, 2015 | Dextroamphetamine-amphetamine | Eric E. |
| 103 | February 8, 2016 | Dextroamphetamine-amphetamine | Wendy D. |
| 104 | May 5, 2016 | Dextroamphetamine-amphetamine | Bettina S. |

| 105 | August 16, 2016 | Dextroamphetamine-amphetamine | Lindsey C. |
| 106 | February 14, 2017 | Dextroamphetamine-amphetamine | Hollis C. |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 107
(Possession with Intent to Distribute a Controlled Substance)

33. The factual allegations contained in paragraphs 1 through 10 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

34. On or about August 9, 2018, in Montgomery County, within the Middle District

of Alabama and elsewhere, the defendant,

## RICHARD A. STEHL,

did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a

mixture and substance containing a detectable amount of testosterone, a Schedule III controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## IV. HEALTH CARE FRAUD COUNTS

## COUNT 108
(Health Care Fraud Scheme)

35. The factual allegations contained in paragraphs 1 through 34 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

**A. The Scheme**

36. Beginning on an unknown date and continuing until on or about August 9, 2018,

in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

## RICHARD A. STEHL,

20

did knowingly and willfully, with intent to defraud, devised and intended to devise, a scheme and artifice to defraud, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services. The scheme and artifice are set forth below.

**B.      Manner and Means**

It was part of the scheme and artifice that:

37.     Defendant Stehl issued to patients of HealthCare on Demand including, but not limited to, the patients described in paragraphs 11 through 30, vague diagnoses unsupported by diagnostic evidence.

38.     Based upon these vague and unsupported diagnoses, Defendant Stehl gave and caused to be given prescriptions for controlled substances to these patients including, but not limited to, the medications described in paragraph 6. Stehl did so despite knowing he was issuing many of these prescriptions outside of the ordinary course of normal professional conduct and for no legitimate medical purpose.

39.     Defendant Stehl usually prescribed controlled substances in 30-day quantities. In most cases, Stehl required each patient to return to the offices of HealthCare on Demand each month for an office visit. At the conclusion of an office visit, Stehl issued or cause to be issued to the patient a new 30-day controlled substance prescription.

40.     These monthly office visits were medically unnecessary. As no legitimate medical reasons existed for the patients' receipt of controlled substances, no legitimate medical reasons existed for the patients undergoing monthly medical office visits.

21

41.     During many of these medically unnecessary office visits, Defendant Stehl performed medically unnecessary procedures. For example, Stehl routinely injected patients with vitamins, antibiotics, and other medications. Stehl did so even though, as he then knew, the patients did not need these injections.

42.     After performing these unnecessary office visits, Defendant Stehl submitted and caused to be submitted to health care benefit programs claims for the office visits.

43.     In most instances, Defendant Stehl used on each claim current procedural terminology (CPT) code 99214. By doing so, Stehl indicated to the recipient's health care benefit program that the office visit was "an office visit or other outpatient visit for the evaluation and management of an established patient, which require[d] at least two of [the following] key components: a detailed history, a detailed examination and medical decision making of moderate complexity." Frequently, Stehl submitted claims for office visits using the 99214 code even though the office visits did not meet the above-quoted requirements. Stehl did so because, as he knew, the health care benefit programs reimbursed at higher rates for 99214 office visits than they did for office visits meeting the criteria for a less complex office visit CPT code (such as 99213, 99212, or 99211 office visits).

44.     After performing these unnecessary procedures, Defendant Stehl submitted and caused to be submitted to health care benefit programs claims for the procedures. In doing so, Stehl would include on the claims Healthcare Common Procedure Coding System (HCPCS) the code assigned to the unnecessary procedure Stehl had performed.

45.     The health care benefit programs then reimbursed for the claims submitted by Defendant Stehl. In most instances, Stehl received between $65 and $95 for each office-visit claim. Stehl received varying amounts for the procedure claims.

22

46.    In submitting these claims and causing these claims to be submitted, Defendant Stehl warranted that the office visits and procedures were for legitimate medical purposes. As Stehl then knew, this was false.

47.    Additionally, in submitting these office-visit claims and causing these claims to be submitted, Defendant Stehl, on many occasions, falsely certified that the visits described in the claims met the requirements for the 99214 CPT code.

## C.    The Charge

48.    On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services, did submit and cause to be submitted claims to health care benefit programs requesting payments for medically unnecessary services and procedures provided to patient Ann L.:

| ON OR ABOUT DATE OF SERVICE | CLAIMED PROCEDURE CODE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|
| October 23, 2014 | 99214 (office visit) | Medicare |
| May 13, 2015 | 99214 (office visit) | Medicare |
| September 22, 2015 | 99214 (office visit) | Medicare |

23

| October 20, 2015 | 99214<br>(office visit) | Medicare |
|---|---|---|
| February 9, 2016 | 99214<br>(office visit) | Medicare |
| March 8, 2016 | 99214<br>(office visit) | Medicare |
| May 3, 2016 | 99214<br>(office visit) | Medicare |
| May 3, 2016 | 96372<br>(injection) | Medicare |
| May 3, 2016 | J1885<br>(injection) | Medicare |
| October 31, 2016 | 99214<br>(injection) | Medicare |
| December 7, 2017 | 99214<br>(office visit) | Medicare |
| March 8, 2018 | 99214<br>(office visit) | Medicare |

49. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services, did submit and cause to be submitted claims to health care benefit programs requesting payments for medically unnecessary services and procedures provided to patient James M.:

24

| ON OR ABOUT DATE OF SERVICE | CLAIMED PROCEDURE CODE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|
| October 27, 2014 | 99214 (office visit) | Medicare |
| October 27, 2014 | J0702 (injection) | Medicare |
| October 27, 2014 | J3420 (injection) | Medicare |
| October 31, 2014 | 99214 (office visit) | Medicare |
| November 4, 2014 | 99214 (office visit) | Medicare |
| November 4, 2014 | 96372 (injection) | Medicare |
| November 4, 2014 | J0702 (injection) | Medicare |
| November 4, 2014 | J0696 (injection) | Medicare |
| November 4,2014 | J1885 (injection) | Medicare |
| November 18, 2014 | 99214 (office visit) | Medicare |
| November 18, 2014 | J0702 (injection) | Medicare |
| May 1, 2015 | 99214 (office visit) | Medicare |
| October 16, 2015 | 99214 (office visit) | Medicare |
| October 16, 2015 | 20553 (injection) | Medicare |

| October 16, 2015 | J0702 (injection) | Medicare |
|---|---|---|
| May 17, 2017 | 99214 (office visit) | Medicare |
| May 17, 2017 | J0702 (injection) | Medicare |
| September 11, 2017 | 99214 (office visit) | Medicare |

50. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services, did submit and cause to be submitted claims to health care benefit programs requesting payments for medically unnecessary services and procedures provided to patient Tammy M.:

| ON OR ABOUT DATE OF SERVICE | CLAIMED PROCEDURE CODE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|
| August 10, 2015 | 99214 (office visit) | Blue Cross Blue Shield of Alabama (BCBSAL) |
| October 26, 2015 | 99214 (office visit) | BCBSAL |
| January 21, 2016 | 99214 (office visit) | BCBSAL |

| April 1, 2016 | 99214<br>(office visit) | BCBSAL |
| April 19, 2016 | J3420<br>(injection) | BCBSAL |
| April 19, 2016 | J0696<br>(injection) | BCBSAL |
| April 19, 2016 | 99214<br>(office visit) | BCBSAL |
| April 19, 2016 | J0702<br>(injection) | BCBSAL |
| April 19, 2016 | 96372<br>(injection) | BCBSAL |
| August 9, 2016 | 96372<br>(injection) | BCBSAL |
| August 9, 2016 | J0696<br>(injection) | BCBSAL |
| August 9, 2016 | J3420<br>(injection) | BCBSAL |
| August 9, 2016 | J0702<br>(injection) | BCBSAL |
| August 9, 2016 | 99214<br>(office visit) | BCBSAL |
| January 3, 2018 | 99214<br>(office visit) | BCBSAL |
| March 26, 2018 | 99214<br>(office visit) | BCBSAL |
| July 2, 2018 | 99214<br>(office visit) | BCBSAL |

51.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-

27

described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody and control of health care benefit programs, as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items, and services, did submit and cause to be submitted claims to health care benefit programs requesting payments for medically unnecessary services and procedures provided to patient Misty R.:

| ON OR ABOUT DATE OF SERVICE | CLAIMED PROCEDURE CODE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|
| October 3, 2014 | 99214 (office visit) | BCBSAL |
| December 19, 2014 | 99214 (office visit) | BCBSAL |
| December 19, 2014 | 96372 (injection) | BCBSAL |
| December 19, 2014 | J0702 (injection) | BCBSAL |
| December 19, 2014 | J0696 (injection) | BCBSAL |
| December 10, 2015 | 99214 (office visit) | BCBSAL |
| December 10, 2015 | 96372 (injection) | BCBSAL |
| December 10, 2015 | J1885 (injection) | BCBSAL |
| May 24, 2016 | 99214 (office visit) | BCBSAL |

| September 28, 2016 | J1885<br>(injection) | BCBSAL |
| September 28, 2016 | 99214<br>(office visit) | BCBSAL |
| September 28, 2016 | 96372<br>(injection) | BCBSAL |
| September 28, 2016 | J0702<br>(office visit) | BCBSAL |
| October 10, 2017 | 99214<br>(office visit) | BCBSAL |
| February 27, 2018 | 99214<br>(office visit) | BCBSAL |

52.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-

described scheme and artifice to defraud and for obtaining money and property by means of

materially false and fraudulent pretenses, representations, and promises, money and property

owned and under the custody and control of health care benefit programs, as defined in Title 18,

United States Code, Section 24(b), in connection with the delivery of and payment for health

care benefits, items, and services, did submit and cause to be submitted claims to health care

benefit programs requesting payments for medically unnecessary services and procedures

provided to patient Grace S.:

| ON OR ABOUT<br>DATE OF SERVICE | CLAIMED<br>PROCEDURE<br>CODE | HEALTH CARE BENEFIT PROGRAM<br>DEFRAUDED |
|---|---|---|
| November 19, 2014 | 99214<br>(office visit) | BCBSAL |

| November 19, 2014 | 96372<br>(injection) | BCBSAL |
| September 9, 2015 | 96372<br>(injection) | BCBSAL |
| September 9, 2015 | J0702<br>(injection) | BCBSAL |
| September 9, 2015 | 99214<br>(office visit) | BCBSAL |
| October 7, 2015 | 99214<br>(office visit) | BCBSAL |
| February 3, 2016 | 99214<br>(office visit) | BCBSAL |
| February 3, 2016 | 96372<br>(injection) | BCBSAL |
| April 27, 2016 | 96372<br>(injection) | BCBSAL |
| April 27, 2016 | J0696<br>(injection) | BCBSAL |
| April 27, 2016 | J0702<br>(injection) | BCBSAL |
| April 27, 2016 | 99214<br>(office visit) | BCBSAL |
| April 27, 2016 | J3420<br>(injection) | BCBSAL |
| June 24, 2016 | 99214<br>(office visit) | BCBSAL |
| June 24, 2016 | J3420<br>(injection) | BCBSAL |
| June 24, 2016 | 96372<br>(injection) | BCBSAL |

| June 24, 2016 | J0702<br>(injection) | BCBSAL |
|---|---|---|
| June 24, 2016 | J0696<br>(injection) | BCBSAL |
| August 23, 2016 | J3420<br>(injection) | BCBSAL |
| August 23, 2016 | J0702<br>(injection) | BCBSAL |
| August 23, 2016 | 99214<br>(office visit) | BCBSAL |
| August 23, 2016 | 96372<br>(injection) | BCBSAL |
| November 21, 2016 | 96372<br>(injection) | BCBSAL |
| November 21, 2016 | J0702<br>(injection) | BCBSAL |
| November 21, 2016 | 99214<br>(office visit) | BCBSAL |
| November 21, 2016 | J3420<br>(injection) | BCBSAL |
| January 20, 2017 | 96372<br>(injection) | BCBSAL |
| January 20, 2017 | 99214<br>(office visit) | BCBSAL |
| January 20, 2017 | J0702<br>(injection) | BCBSAL |

53. On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of

31

materially false and fraudulent pretenses, representations, and promises, money and property

owned and under the custody and control of health care benefit programs, as defined in Title 18,

United States Code, Section 24(b), in connection with the delivery of and payment for health

care benefits, items, and services, did submit and cause to be submitted claims to health care

benefit programs requesting payments for medically unnecessary services and procedures

provided to patient Rashilda W.:

| ON OR ABOUT DATE OF SERVICE | CLAIMED PROCEDURE CODE | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|
| February 2, 2015 | 99214 (office visit) | Medicare |
| February 2, 2015 | 96372 (injection) | Medicare |
| February 2, 2015 | J3420 (injection) | Medicare |
| February 11, 2015 | 99214 (office visit) | Medicare |
| September 25, 2015 | 99214 (office visit) | Medicare |
| September 25, 2015 | 96372 (injection) | Medicare |
| February 3, 2016 | 99214 (office visit) | Medicare |
| February 3, 2016 | 96372 (injection) | Medicare |
| February 3, 2016 | J0702 (injection) | Medicare |
| February 3, 3016 | J0696 (injection) | Medicare |

32

| June 2, 2017 | 99214 (office visit) | Medicare |
| June 2, 2017 | 96372 (injection) | Medicare |
| June 2, 2017 | J0702 (injection) | Medicare |
| June 2, 2017 | J0696 (injection) | Medicare |
| December 5, 2017 | 99214 (office visit) | Medicare |
| December 5, 2017 | 96372 (injection) | Medicare |
| December 5, 2017 | J0702 (injection) | Medicare |

All in violation of Title 18, United States Code, Section 1347.

### COUNT 109
### (Health Care Fraud Scheme)

54.     The factual allegations contained in paragraphs 1 through 34 of this Second

Superseding Indictment are realleged and incorporated herein as if copied verbatim.

## A.     The Scheme

55.     Beginning on an unknown date and continuing until on or about August 9, 2018,

in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

### RICHARD A. STEHL,

did knowingly and willfully, with intent to defraud, devised and intended to devise, a scheme and

artifice to defraud, and to deprive health care benefit programs, as defined in Title 18, United

States Code, Section 24(b), of money and property in their custody and control, in connection

33

with the delivery of and payment for health care benefits, items, and services. The scheme and artifice are set forth below.

**B.      Manner and Means**

It was part of the scheme and artifice that:

56.      Defendant Stehl issued to patients of HealthCare on Demand including, but not limited to, the patients described in paragraphs 11 through 30, vague diagnoses unsupported by diagnostic evidence.

57.      Based upon these vague and unsupported diagnoses, Defendant Stehl gave and caused to be given prescriptions for controlled substances to these patients including, but not limited to, medications containing dextroamphetamine-amphetamine, hydrocodone, lisdexamfetamine, buprenorphine, alprazolam, carisoprodol, clonazepam, diazepam, temazepam, zolpidem, and pregabalin. Stehl would do so despite knowing that each prescription was outside the ordinary course of normal professional conduct and for no legitimate medical purpose. By issuing the above-described prescriptions, Stehl would warrant that legitimate medical needs existed for the dispensing of the prescribed medications. As Stehl then knew, no such medical need existed.

58.      The patients would then go to pharmacies for the purpose of filling prescriptions.

59.      The health care benefit program of each patient would then pay the pharmacy for some or all of the cost of the prescription—despite the fact that no legitimate medical need existed for the prescribing of the medications.

**C.      The Charge**

60.      On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-

34

described scheme and artifice to defraud, and to deprive health care benefit programs, as defined

in Title 18, United States Code, Section 24(b), of money and property in their custody and

control, in connection with the delivery of and payment for health care benefits, items, and

services, did cause the following health care benefit programs to pay pharmacies for the costs of

filling medically illegitimate prescriptions for patient James M.:

| ON OR ABOUT DATE WRITTEN | ON OR ABOUT DATE FILLED | CONTROLLED SUBSTANCE PRESCRIBED | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| October 27, 2014 | November 17, 2014 | Tramadol | Medicare Part D |
| October 31, 2014 | October 31, 2014 | Dextroamphetamine-amphetamine | Medicare Part D |
| November 4, 2014 | November 4, 2014 | Lorazepam | Medicare Part D |
| November 18, 2014 | November 23, 2014 | Dextroamphetamine-amphetamine | Medicare Part D |
| November 18, 2014 | November 27, 2014 | Lorazepam | Medicare Part D |
| November 18, 2014 | November 22, 2014 | Alprazolam | Medicare Part D |
| March 4, 2015 | March 4, 2015 | Codeine | Medicare Part D |
| May 1, 2015 | May 1, 2015 | Alprazolam | Medicare Part D |
| May 1, 2015 | May 1, 2015 | Dextroamphetamine-amphetamine | Medicare Part D |
| May 1, 2015 | May 1, 2015 | Zolpidem | Medicare Part D |

| October 16, 2015 | October 19, 2015 | Butalbital-acetaminophen-caffeine | Medicare Part D |
|---|---|---|---|
| October 16, 2015 | October 30, 2015 | Clonazepam | Medicare Part D |
| October 16, 2015 | October 16, 2015 | Codeine | Medicare Part D |
| October 16, 2015 | October 23, 2015 | Dextroamphetamine-amphetamine | Medicare Part D |
| October 16, 2015 | October 30, 2015 | Zolpidem | Medicare Part D |
| May 17, 2017 | May 18, 2017 | Clonazepam | Medicare Part D |
| May 17, 2017 | May 17, 2017 | Dextroamphetamine-amphetamine | Medicare Part D |
| September 11, 2017 | September 13, 2017 | Dextroamphetamine-amphetamine | Medicare Part D |
| September 11, 2017 | September 12, 2017 | Tramadol | Medicare Part D |
| September 11, 2017 | September 12, 2017 | Zolpidem | Medicare Part D |
| April 17, 2018 | April 17, 2018 | Codeine | Medicare Part D |
| April 17, 2018 | April 17, 2018 | Dextroamphetamine-amphetamine | Medicare Part D |
| April 17, 2018 | June 6, 2018 | Pregabalin | Medicare Part D |
| April 17, 2018 | April 17, 2018 | Tramadol | Medicare Part D |
| April 17, 2018 | April 17, 2018 | Zolpidem | Medicare Part D |

61.     On or about the dates set forth below, in Montgomery County, within the Middle

District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-

described scheme and artifice to defraud, and to deprive health care benefit programs, as defined

in Title 18, United States Code, Section 24(b), of money and property in their custody and

control, in connection with the delivery of and payment for health care benefits, items, and

services, did cause the following health care benefit programs to pay pharmacies for the costs of

filling medically illegitimate prescriptions for patient Tammy M.:

| ON OR ABOUT DATE WRITTEN | ON OR ABOUT DATE FILLED | CONTROLLED SUBSTANCE PRESCRIBED | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| August 10, 2015 | September 8, 2015 | Tramadol | BCBSAL |
| August 10, 2015 | August 24, 2015 | Alprazolam | BCBSAL |
| August 10, 2015 | August 10, 2015 | Tramadol | BCBSAL |
| April 1, 2016 | April 9, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
| April 1, 2016 | April 13, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
| April 1, 2016 | April 28, 2016 | Tramadol | BCBSAL |
| April 1, 2016 | May 25, 2016 | Tramadol | BCBSAL |
| April 1, 2016 | June 21, 2016 | Tramadol | BCBSAL |
| April 1, 2016 | July 24, 2016 | Tramadol | BCBSAL |

| April 19, 2016 | April 23, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
|---|---|---|---|
| April 19, 2016 | May 16, 2016 | Tramadol | BCBSAL |
| April 19, 2016 | May 27, 2016 | Alprazolam | BCBSAL |
| August 9, 2016 | August 9, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
| August 9, 2016 | August 9, 2016 | Phentermine | BCBSAL |
| August 9, 2016 | August 12, 2016 | Phentermine | BCBSAL |
| August 9, 2016 | August 13, 2016 | Alprazolam | BCBSAL |
| August 9, 2016 | August 13, 2016 | Alprazolam | BCBSAL |
| August 9, 2016 | February 5, 2017 | Butalbital-acetaminophen-caffeine | BCBSAL |
| June 12, 2017 | June 12, 2017 | Phentermine | BCBSAL |
| June 12, 2017 | June 16, 2017 | Butalbital-acetaminophen-caffeine | BCBSAL |
| January 3, 2018 | January 3, 2018 | Tramadol | BCBSAL |
| January 3, 2018 | January 24, 3018 | Eszopiclone | BCBSAL |
| March 26, 2018 | March 26, 2018 | Butalbital-acetaminophen-caffeine | BCBSAL |
| March 26, 2018 | March 26, 2018 | Tramadol | BCBSAL |

| July 2, 2018 | July 2, 2018 | Codeine | BCBSAL |
| July 2, 2018 | July 5, 2018 | Tramadol | BCBSAL |
| July 2, 2018 | July 5, 2018 | Butalbital-acetaminophen-caffeine | BCBSAL |

62.     On or about the dates set forth below, in Montgomery County, within the Middle
District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-
described scheme and artifice to defraud, and to deprive health care benefit programs, as defined
in Title 18, United States Code, Section 24(b), of money and property in their custody and
control, in connection with the delivery of and payment for health care benefits, items, and
services, did cause the following health care benefit programs to pay pharmacies for the costs of
filling medically illegitimate prescriptions for patient Misty R.:

| ON OR ABOUT DATE WRITTEN | ON OR ABOUT DATE FILLED | CONTROLLED SUBSTANCE PRESCRIBED | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| October 3, 2014 | October 3, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |
| October 3, 2014 | October 3, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |
| October 3, 2014 | October 3, 2014 | Lisdexamfetamine | BCBSAL |
| October 3, 2014 | October 3, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |
| October 3, 2014 | October 10, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |

39

| October 3, 2014 | October 17, 2014 | Alprazolam | BCBSAL |
|---|---|---|---|
| October 3, 2014 | October 17, 2014 | Alprazolam | BCBSAL |
| October 14, 2014 | October 14, 2014 | Amphetamine/Dextroamphetamine | BCBSAL |
| December 19, 2014 | December 19, 2014 | Amphetamine/Dextroamphetamine | BCBSAL |
| December 19, 2014 | December 23, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |
| December 19, 2014 | December 23, 2014 | Alprazolam | BCBSAL |
| December 19, 2014 | December 24, 2014 | Butalbital-acetaminophen-caffeine | BCBSAL |
| December 19, 2014 | January 9, 2015 | Alprazolam | BCBSAL |
| December 19, 2014 | January 11, 2015 | Butalbital-acetaminophen-caffeine | BCBSAL |
| December 10, 2015 | December 10, 2015 | Carisoprodol | BCBSAL |
| December 10, 2015 | December 10, 2015 | Amphetamine/Dextroamphetamine | BCBSAL |
| December 10, 2015 | December 10, 2015 | Butalbital-acetaminophen-caffeine | BCBSAL |
| December 10, 2015 | December 10, 2015 | Alprazolam | BCBSAL |
| December 10, 2015 | December 10, 2015 | Carisoprodol | BCBSAL |
| December 10, 2015 | December 10, 2015 | Butalbital-acetaminophen-caffeine | BCBSAL |

40

| December 10, 2015 | December 10, 2015 | Alprazolam | BCBSAL |
| May 24, 2016 | May 24, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
| May 24, 2016 | May 24, 2016 | Alprazolam | BCBSAL |
| May 24, 2016 | May 24, 2016 | Alprazolam | BCBSAL |
| May 24, 2016 | May 27, 2016 | Butalbital-acetaminophen-caffeine | BCBSAL |
| May 24, 2016 | May 27, 2016 | Dextroamphetamine-amphetamine | BCBSAL |
| May 24, 2016 | May 27, 2016 | Alprazolam | BCBSAL |
| September 28, 2016 | September 28, 2016 | Codeine | BCBSAL |
| February 27, 2017 | February 27, 2017 | Butalbital-acetaminophen-caffeine | BCBSAL |
| February 27, 2017 | March 1, 2017 | Dextroamphetamine-amphetamine | BCBSAL |
| February 27, 2017 | March 2, 2017 | Alprazolam | BCBSAL |
| October 10, 2017 | October 10, 2017 | Butalbital-acetaminophen-caffeine | BCBSAL |
| October 10, 2017 | October 11, 2017 | Dextroamphetamine-amphetamine | BCBSAL |

| October 10, 2017 | October 11, 2017 | Alprazolam | BCBSAL |
|---|---|---|---|
| February 27, 2018 | February 27, 2018 | Butalbital-acetaminophen-caffeine | BCBSAL |
| February 27, 2018 | February 28, 2018 | Dextroamphetamine-amphetamine | BCBSAL |
| February 27, 2018 | February 28, 2018 | Alprazolam | BCBSAL |
| May 17, 2018 | May 23, 2018 | Dextroamphetamine-amphetamine | BCBSAL |
| May 17, 2018 | May 23, 2018 | Alprazolam | BCBSAL |
| May 17, 2018 | May 18, 2018 | Butalbital-acetaminophen-caffeine | BCBSAL |

63.     On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud, and to deprive health care benefit programs, as defined in Title 18, United States Code, Section 24(b), of money and property in their custody and control, in connection with the delivery of and payment for health care benefits, items, and services, did cause the following health care benefit programs to pay pharmacies for the costs of filling medically illegitimate prescriptions for patient Grace S.:

| ON OR ABOUT DATE WRITTEN | ON OR ABOUT DATE FILLED | CONTROLLED SUBSTANCE PRESCRIBED | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| November 19, 2014 | November 19, 2014 | Alprazolam | BCBSAL |

| November 19, 2014 | November 19, 2014 | Diazepam | BCBSAL |
|---|---|---|---|
| November 19, 2014 | November 19, 2014 | Amphetamine/Dextroamphetamine | BCBSAL |
| September 9, 2015 | September 9, 2015 | Alprazolam | BCBSAL |
| September 9, 2015 | September 11, 2015 | Suvorexant | BCBSAL |
| September 9, 2015 | September 11, 2015 | Amphetamine/Dextroamphetamine | BCBSAL |
| September 9, 2015 | September 14, 2015 | Suvorexant | BCBSAL |
| October 7, 2015 | October 7, 2015 | Phentermine | BCBSAL |
| October 7, 2015 | October 7, 2015 | Zolpidem | BCBSAL |
| October 7, 2015 | October 7, 2015 | Alprazolam | BCBSAL |
| October 7, 2015 | October 9, 2015 | Amphetamine/Dextroamphetamine | BCBSAL |
| February 3, 2016 | February 3, 2016 | Amphetamine/Dextroamphetamine | BCBSAL |
| February 3, 2016 | February 3, 2016 | Acetaminophen/Codeine | BCBSAL |
| February 3, 2016 | February 3, 2016 | Alprazolam | BCBSAL |
| April 27, 2016 | April 27, 2016 | Hydrocodone | BCBSAL |
| April 27, 2016 | April 28, 2016 | Alprazolam | BCBSAL |

43

| April 27, 2016 | April 28, 2016 | Amphetamine/Dextroamphetamine | BCBSAL |
|---|---|---|---|
| June 24, 2016 | June 24, 2016 | Alprazolam | BCBSAL |
| June 24, 2016 | June 24, 2016 | Amphetamine/Dextroamphetamine | BCBSAL |
| June 24, 2016 | June 24, 2016 | Hydrocodone | BCBSAL |
| August 23, 2016 | August 23, 2016 | Amphetamine/Dextroamphetamine | BCBSAL |
| August 23, 2016 | August 23, 2016 | Alprazolam | BCBSAL |
| August 23, 2016 | August 23, 2016 | Hydrocodone | BCBSAL |
| November 21, 2016 | November 21, 2016 | Hydrocodone | BCBSAL |
| November 21, 2016 | November 23, 2016 | Alprazolam | BCBSAL |
| November 21, 2016 | November 23, 2016 | Amphetamine/Dextroamphetamine | BCBSAL |
| January 20, 2017 | January 20, 2017 | Alprazolam | BCBSAL |
| January 20, 2017 | January 20, 2017 | Amphetamine/Dextroamphetamine | BCBSAL |
| January 20, 2017 | January 20, 2017 | Hydrocodone | BCBSAL |

64.     On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, Defendant Stehl, for the purpose of executing the above-described scheme and artifice to defraud, and to deprive health care benefit programs, as defined

44

in Title 18, United States Code, Section 24(b), of money and property in their custody and

control, in connection with the delivery of and payment for health care benefits, items, and

services, did cause the following health care benefit programs to pay pharmacies for the costs of

filling medically illegitimate prescriptions for patient Rashilda W.:

| ON OR ABOUT DATE WRITTEN | ON OR ABOUT DATE FILLED | CONTROLLED SUBSTANCE PRESCRIBED | HEALTH CARE BENEFIT PROGRAM DEFRAUDED |
|---|---|---|---|
| December 23, 2014 | December 23, 2014 | Alprazolam | Medicare Part D |
| December 23, 2014 | January 4, 2015 | Alprazolam | Medicare Part D |
| January 24, 2015 | January 26, 2015 | Carisoprodol | Medicare Part D |
| February 2, 2015 | February 2, 2015 | Alprazolam | Medicare Part D |
| February 2, 2015 | March 5, 2015 | Carisoprodol | Medicare Part D |
| February 11, 2015 | February 11, 2015 | Clonazepam | Medicare Part D |
| September 25, 2015 | September 25, 2015 | Carisoprodol | Medicare Part D |
| September 25, 2015 | September 25, 2015 | Codeine | Medicare Part D |
| February 3, 2016 | February 3, 2016 | Carisoprodol | Medicare Part D |
| February 3, 2016 | February 3, 2016 | Lorazepam | Medicare Part D |
| August 10, 2016 | August 10, 2016 | Temazepam | Medicare Part D |

| December 5, 2017 | December 5, 2017 | Alprazolam | Medicare Part D |
|---|---|---|---|
| December 5, 2017 | December 5, 2017 | Temazepam | Medicare Part D |
| March 29, 2018 | March 29, 2018 | Alprazolam | Medicare Part D |
| March 29, 2018 | March 29, 2018 | Temazepam | Medicare Part D |

All in violation of Title 18, United States Code, Section 1347.

## V. MONEY LAUNDERING COUNTS

### COUNTS 110 THROUGH 113
(Money Laundering – Concealment)

65.     The factual allegations contained in paragraphs 1 through 64 of this Second Superseding Indictment are realleged and incorporated herein as if copied verbatim.

## A.     Introduction

66.     At all times relevant to this Second Superseding Indictment, HealthCare on Demand, the business entity through which Defendant Stehl practiced medicine, received payments from patients and from health care benefit programs for conducting office visits and providing other health care procedures. Some of the payments from the patients and the health care benefit programs constituted the proceeds of unlawful drug distribution, as the office visits and health care procedures giving rise to the payments were performed for the sole purpose of distributing a medically illegitimate prescription for a controlled substance. Some of the payments from the health care benefit programs also constituted the proceeds of health care fraud, as the claims resulting in the payments were for medically unnecessary office visits.

67.     At all times material to this Second Superseding Indictment, upon receipt of these payments, Defendant Stehl deposited the funds into a financial institution checking account

46

owned by HealthCare on Demand and controlled by Stehl located Wells Fargo & Company (Wells Fargo). The account number ended in 1801.

68.    On or about October 12, 2010, Defendant Stehl filed with the Alabama Secretary of State a certificate of formation a business entity, for SLE Enterprises, LLC (SLE Enterprises). From on or about October 12, 2010 through on or about January 4, 2012, Stehl was the sole director, manager, and organizer of SLE Enterprises. The purpose of SLE Enterprises was to be a shell corporation through which Stehl could disguise the nature, source, ownership, and control of revenue Stehl generated by unlawfully prescribing and dispensing controlled substances and by committing health care fraud.

69.    In or about 2010, Defendant Stehl, through SLE Enterprises, purchased office space located at 201 Winton M. Blount Loop, Montgomery, Alabama 36117. Stehl did so intending to relocate the offices of HealthCare on Demand to that location.

70.    In or about 2010, Defendant Stehl opened a financial institution checking account at Trustmark National Bank (Trustmark) for SLE Enterprises. The account number ended in 8153. At all times relevant to this Second Superseding Indictment, Stehl was the only owner of the 8153 Trustmark account and the only person authorized to access the funds in that account.

71.    In or about 2011, Defendant Stehl moved HealthCare on Demand to the building located at 201 Winton M. Blount Loop, Montgomery, Alabama 36117. From in or about 2011 through on or about August 7, 2018, Stehl operated HealthCare on Demand in the Winton M. Blount Loop building. During that period, HealthCare on Demand made annual rent payments to SLE Enterprises, the owner of 201 Winton M Blount Loop, Montgomery, Alabama 36117. These annual rent payments were drawn from the 1801 Wells Fargo account and deposited into the 8153 Trustmark account.

72.     On or about January 4, 2012, Defendant Stehl transferred ownership of SLE

Enterprises from himself to Betty S. Betty S. was a relative of Stehl's. This transfer was a sham.

The purpose of the transfer was to further disguise the nature, source, ownership, and control of

the funds held by SLE Enterprises. After the transfer, Stehl retained full control of SLE

Enterprises and was entitled to the vast majority of the revenue generated by SLE Enterprises—

revenue consisting primarily of rent payments made by HealthCare on Demand (Stehl's

business) to SLE Enterprises.

73.     After on or about January 4, 2012 and continuing through on or about August 7,

2018, the annual rent payments made by HealthCare on Demand to SLE Enterprises continued to

be deposited into the 8153 Trustmark account. During that period, SLE Enterprises moved

money from the 8153 Trustmark account to, among other locations, an investment account

owned by Stehl. SLE Enterprises also spent funds for the purpose of purchasing a personal

residence for Stehl.

**B.     The Charges**

74.     On or about each date set forth below, in Montgomery County, within the Middle

District of Alabama, and elsewhere, the defendant,

### RICHARD A. STEHL,

aided and abetting another and aided and abetted by another, did knowingly and unlawfully

cause to be conducted and attempt to cause to be conducted financial transactions affecting

interstate commerce, which transactions involved the proceeds of specified unlawful activities,

namely, drug distribution, in violation of Title 21, United States Code, Section 841, and health

care fraud, in violation of Title 18, United States Code, Section 1347, with the intent to conceal

and disguise the nature, location, source, ownership and control of the proceeds of specified

48

unlawful activity, knowing that the property involved represented the proceeds of some form of

unlawful activity, by causing the following amounts to be transferred by check from a financial

institution account owned by HealthCare on Demand to the 8153 Trustmark account owned by

SLE Enterprises, on or about the dates set forth below, with each checking transaction giving rise

to a separate count.

| COUNT | ON OR ABOUT DATE | DESCRIPTION |
|---|---|---|
| 110 | July 10, 2015 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $66,400.00; notated as "Rent May – Dec 2015" |
| 111 | May 16, 2016 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $102,000.00; notated as "2016 Rent" |
| 112 | August 25, 2017 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $102,000.00; notated as "Rent 2017" |
| 113 | June 18, 2018 | Check drawn on the HealthCare on Demand account signed by Stehl and payable to SLE Enterprises in the amount of $51,000.00; notated as "Rent 2018 Jan – June" |

Each violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United

States Code, Section 2.

## FORFEITURE ALLEGATION-1

A.        The allegations contained in Counts 1 through 107 of this Second Superseding

Indictment are hereby realleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 21, United States Code, Section 853.

B.     Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1) set forth in Counts 1 through 107 of this Second Superseding Indictment, the defendant,

## RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Section 841(a)(1). The property includes, but is not limited to:

### CURRENCY

$72,368.04 seized August 9, 2018, during the execution of a federal search warrant at Brisbane Place in Montgomery, Alabama;

$377,434.18 representing remaining funds as a result of the liquidation of Charles Schwab account number xxxx-1414;

### REAL PROPERTY

201 Winton M. Blount Loop, Montgomery, Alabama, more particularly described as follows: Lot 1, in Block B, according to the Map of Mitylene Office Park Plat No. 1, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 45, at Page 139; and,

7248 Brisbane Place, Montgomery, Alabama, more particularly described as follows: Lot 12, Block JJ of Wynlakes Phase II, Plat No. 10, as the Map thereof appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 46, at Page 72.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

50

      (5)      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION-2

A.      The allegations contained in Counts 108 and 109 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

B.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1347 set forth in Counts 108 and 109 of this Second Superseding Indictment, the defendant,

### RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all property constituting or derived from proceeds defendant obtained directly or indirectly as a result of the offenses in violation of Title 18, United States Code, Section 1347. The property includes, but is not limited to:

### CURRENCY

$72,368.04 seized August 9, 2018, during the execution of a federal search warrant at Brisbane Place in Montgomery, Alabama;

$377,434.18 representing remaining funds as a result of the liquidation of Charles Schwab account number xxxx-1414;

### REAL PROPERTY

201 Winton M. Blount Loop, Montgomery, Alabama, more particularly described as follows: Lot 1, in Block B, according to the Map of Mitylene Office Park Plat No. 1, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 45, at Page 139; and,

51

7248 Brisbane Place, Montgomery, Alabama, more particularly described as follows:
Lot 12, Block JJ of Wynlakes Phase II, Plat No. 10, as the Map thereof appears of record in the
Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 46, at Page 72.

      C.      If any of the property described in this forfeiture allegation, as a result of any act

or omission of the defendant:

          (1)      cannot be located upon the exercise of due diligence;

          (2)      has been transferred or sold to, or deposited with, a third party;

          (3)      has been placed beyond the jurisdiction of the court;

          (4)      has been substantially diminished in value; or

          (5)      has been commingled with other property which cannot be divided
                    without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

      All pursuant to Title 18, United States Code, Section 982(a)(7).

## FORFEITURE ALLEGATION-3

      A.      The allegations contained in Counts 110 through 113 of the Second Superseding

Indictment are hereby realleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

      B.      Upon conviction of the offenses in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i) set forth in Counts 110 through 113 of the Second Superseding

Indictment, the defendant,

## RICHARD A. STEHL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any

and all property constituting or derived from proceeds defendant obtained directly or indirectly as

a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

       (1)     cannot be located upon the exercise of due diligence;

       (2)     has been transferred or sold to, or deposited with, a third party;

       (3)     has been placed beyond the jurisdiction of the court;

       (4)     has been substantially diminished in value; or

       (5)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

53

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL:

Foreperson

LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

Jonathan S. Ross
Assistant United States Attorney

Megan A. Kirkpatrick
Assistant United States Attorney

Alice S. LaCour
Assistant United States Attorney

R. Randolph Neeley
Assistant United States Attorney