IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Case No. 2:18-cr-358-TFM |
| ) | |
| RICHARD A. STEHL         ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case charges a medical doctor with unlawfully prescribing drugs. On August 28, 2018, a grand jury indicted Defendant in a two-count indictment, (Doc. 17), that was later superseded by a twenty-six-count first superseding indictment, (Doc. 64). On August 23, 2019, Defendant filed a motion to dismiss the first superseding indictment, arguing that counts one through eleven alleged two or more distinct offenses, each of which constitute a separate offense; that those counts lacked specificity for failing to fairly inform Defendant of the charges against him; and that those counts failed "to state an offense for lack of an adequate statement of the facts and circumstances surrounding each count that would adequately inform Defendant of the specific offense for which he is charged." (Doc. 86) at 1-2. Further, Defendant argued that counts twelve through twenty-two and counts twenty-three through twenty-six directly incorporate the allegations in counts one through eleven and, therefore, should be dismissed. *Id*. at 2.

On September 11, 2019, the Government filed a one-hundred-thirteen-count second superseding indictment against Defendant (Doc. 88). On September 13, 2019, the Government filed a "Response to the Defendant's Motion to Dismiss the Superseding

Indictment," which asked the Court to deny Defendant's Motion to Dismiss (Doc. 86) as moot as a result of the filing of the second superseding indictment. (Doc. 91) at 1. The Government separately filed a "Motion to Dismiss Original Indictment," asking the Court to dismiss the original indictment (Doc. 17) and the first superseding indictment (Doc. 64) because the second superseding indictment was now operating as the charging instrument. (Doc. 92) at 1.

After receiving notice that Defendant wished to be heard regarding whether the second superseding indictment rendered moot his Motion to Dismiss, the Court ordered Defendant to file his opposition. (Doc. 93). Defendant did so, arguing that the second superseding indictment "does not render the issues [raised] in Defendant's Motion to Dismiss moot[.]" (Doc. 94) at 1. Specifically, Defendant maintains that the second superseding indictment contains counts that "are duplicitous and lack specificity, as each charges two (2) or more separate and distinct offenses by alleging controlled substance violations for multiple drugs in each count," and that other counts are deficient for failure to state an offense because they "are essentially the same" as a previous count or because they charge an offense that Defendant was legally permitted to do. *Id*. at 1-2.

The undersigned set the motions (Docs. 86, 92) for a hearing on October 9, 2019, and ordered the Government to reply. *See* (Doc. 97); Transcript (Doc. 103) ("Tr."). Having reviewed the filings of the parties and considered the arguments presented at the hearing, the matter is ripe for recommendation to the District Judge.

I.     DISCUSSION

Prior to addressing the merits of Defendant's arguments in the Motion to Dismiss,

2

the undersigned turns first to address a procedural matter. As noted above, Defendant's Motion to Dismiss the Superseding Indictment (Doc. 86) was filed on August 23, 2019. On September 13, 2019, the Government filed a second superseding indictment against Defendant. Because Defendant's Motion to Dismiss pertains only to the superseding indictment, which is no longer the charging document, Defendant's Motion to Dismiss is, as a technical matter, moot. *See United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994) ("Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment[.]"); *United States v. Taylor*, 2019 WL 3891854, at *1 (N.D. Ga. Aug. 19, 2019) ("The superseding indictment renders the original motion to dismiss MOOT."); *United States v. Jones*, 2012 WL 4049449, at * 13 (N.D. Ga. Aug. 3, 2012) ("Thus, Augustin's prior motion to dismiss has been rendered moot by the Second Superseding Indictment.").

Nevertheless, for the sake of expediency, the undersigned will construe Defendant's reply (Doc. 94) as a motion to dismiss the second superseding indictment and will consider the arguments presented in the Motion to Dismiss the Superseding Indictment (Doc. 86) in its resolution. At the hearing before the undersigned, Defendant clarified that the following counts are the only counts within the second superseding indictment for which he now seeks dismissal: 9, 11, 18, 20-30, 32-34, 36-40, 42, 44-51, 52-61, 62-71, 72-76, 78-81, 82-91, 92, 94, 96, 97, 99-101, 102-106 (collectively, the "drug distribution counts"), and 107 (the "drug possession count").

    a. **Duplicity Argument (multiple counts listed below)**

Defendant argues that the following counts "are duplicitous and lack specificity, as

each charges two (2) or more separate and distinct offenses by alleging controlled substance violations for multiple drugs in each count": Counts 9, 11, 18, 20, 21-30, 32-34, 36-40, 42, 44-51, 52-61, 62-71, 72-76, 78-81, 82-91, 92, 94, 96, 97, and 99-101. (Doc. 94) at 2. Essentially, Defendant argues that because the aforementioned counts allege that he prescribed more than one controlled substance to a patient on a particular day, the counts are duplicitous. *Id*. While the undersigned disagrees that the counts are duplicitous,[1] the parties seem to concur that Defendant's concerns may be cured by using a special verdict form at trial.[2] Tr. 3-4. Therefore, it is the recommendation of the undersigned that Defendant's Motion to Dismiss (Docs. 86, 94) counts 9, 11-18, 20-30, 32-34, 36-40, 42, 44-76, 78-92, 94, 96-97, and 99-101 based upon duplicity be denied and that an appropriate special verdict form be issued to the jury at trial, accompanied by an appropriate jury instruction. *See United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (holding that the district court alleviated any duplicity concerns by giving a unanimity instruction and using a special verdict form); *United States v. Lilian Akwuba*, Criminal Case No: 2:17cr511-

---

[1] In examining whether a count is duplicitous, the key issue is determining what constitutes a single offense. *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). The unit of prosecution for a § 841 offense is the delivery—either through a distribution or a dispensation—of a controlled substance. *United States v. Smith*, 757 F.2d 1161, 1165 (11th Cir. 1985) (the statutory language for § 841 "plainly indicates that the government may prosecute a person for each separate act of distribution"); 21 U.S.C. § 801(11) (defining "distribute" as "means to deliver . . . a controlled substance or a listed chemical"); *id*. at § 801(8) (defining "deliver" as "the actual constructive or attempted transfer of a controlled substance or a listed chemical"). The counts at issue reference multiple drugs; however, this is not error. By including references to multiple drugs, the counts simply allege multiple means by which Defendant allegedly committed a violation of § 841. Therefore, the undersigned does not find the counts duplicitous.

[2] It does not appear that the parties currently agree as to the wording of the special verdict form or the jury instruction accompanying it. Tr. 7. Defendant asserts that he will "be asking that any special verdict form . . . show that there would have to be unanimous verdicts on each controlled substance listed in a specific count and that the jury would need to be instructed that they cannot return a guilty verdict without unanimity on all controlled substances in that particular count." Tr. 3. However, this is an issue more appropriately reserved for trial.

SLB-GMB (M.D. Ala. 2018) (Docs. 295, 419, 420) (noting that, where the charging instrument also charged the prescribing of multiple controlled substances in a single count, a special verdict form was provided to the jury and the jury was given a unanimity instruction).

### b.  Failure to state an offense (counts 102-106)

Defendant argues that counts 102-106 are deficient for failure to state an offense because the second superseding indictment alleges that the prescriptions were "outside the usual course of professional medical practice" instead of alleging that the prescriptions were "outside the usual course of professional medical practice *and* for no legitimate medical purpose, unlawfully, and for non-medical reasons."[3] Tr. 3-4 (emphasis added). The Government responds in opposition that it is not required to negate the exceptions and exemptions in the indictments and, therefore, the second superseding indictment need not state the DEA regulation language that the drugs at issue were not prescribed for a legitimate medical purpose. Tr. 7-9.

In the context of evaluating a motion to dismiss for failure to state an offense and properly plead a claim, an indictment is sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (quoting *United States v. Dabbs*, 134 F.3d 1071, 1079

---

[3] Defendant did not present this argument within his filings. Instead, the argument was presented at the hearing before the undersigned.

(11th Cir. 1998)); *see also Hamling v. United States,* 418 U.S. 87, 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). The Sixth Amendment is satisfied "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Ndiaye*, 742 F.2d 1335, 1348-49 (11th Cir. 1984).

In *Steele*, this Circuit held that the indictment under which the defendant was convicted was not defective despite its failure to "negate the course of professional practice exception." 147 F.3d at 1318. In so holding, this Circuit found its decision was "compelled by 21 U.S.C. § 885(a)(1)," which states, in pertinent part, that "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment[.]" *Steele*, 147 F.3d at 1317. Accordingly, the Circuit concluded that "an indictment of a practitioner for unlawfully dispensing drugs need not aver that it was done outside the course of professional practice." *Id.*; *id.* at 1318 ("The meaning of [§885 (a)(1)] . . . is evidenced from its plain language: an indictment charging a violation of § 841(a)(1) need not negate the course of professional practice exception contained in § 822(b).").

Here, counts 102-106 in the second superseding indictment charge as follows:

> On or about the dates set forth below, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant RICHARD A. STEHL, did knowingly and intentionally distribute and dispense and cause to be distributed and dispensed the following controlled substance, in each instance by giving a prescription to a patient listed below, with each

6

> prescription being outside the usual course of professional medical practice, with each prescription giving rise to a separate count[.]

(Doc. 88) at 19. Clearly, the second superseding indictment does not state that the prescriptions pertinent to counts 102-106 were prescribed "for no legitimate medical purpose, unlawfully, and for non-medical reasons." However, the undersigned does not find that the Government is required to allege this in addition to the allegation that the prescriptions were "outside the usual course of professional medical practice." *See United States v. Ronan,* 981 F. Supp. 1100, 1101 (N.D. Ill. 1997) ("[T]he Seventh Circuit has found that it is not an essential element of Section 841(a)(1) to allege that the dispensing of a controlled substance[] by a medical practitioner was done without a legitimate medical purpose."); *United States v. Polan*, 970 F.2d 1280, 1282 (3d Cir. 1992) (indictment of physician for distributing and conspiring to distribute controlled substance not defective for failure to allege absence of legitimate medical reason); *United States v. Weekes*, 2018 WL 3956487, at *5 (E.D. Mich. Aug. 17, 2018) (finding that "the Government was not required to allege that [the defendant] prescribed the controlled substances for 'other than a legitimate medical practice' in addition to alleging that [the defendant] prescribed the controlled substances 'outside the course of professional medical practice.'").

Further, the undersigned finds that, as to counts 102-106, the second superseding indictment presents the essential elements of the offense, notifies Defendant of the charges to be defended against, and enables him to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *See United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998). Because the second

superseding indictment does all of that with regards to counts 102-106, it is not defective. Accordingly, it is the recommendation of the undersigned that Defendant's Motion to Dismiss (Docs. 86, 94) counts 102-106 based upon failure to state an offense be denied.

    **c.   Failure to state an offense (count 107)**

Finally, Defendant moves to dismiss count 107 of the second superseding indictment for failure to state a claim. Count 107 reads:

> On or about August 9, 2018, in Montgomery County, within the Middle District of Alabama and elsewhere, the defendant, RICHARD A. STEHL, did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of testosterone, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Doc. 88) at 20. Defendant argues that this count should be dismissed because he is a physician licensed by the Alabama Board of Medical Examiners and, therefore, is permitted to possess controlled substances with the intent to distribute them. (Doc. 94) at 2. The Government responds that this is a factual issue not suited for determination at this stage. (Doc. 98) at 16-17.

Under the Controlled Substances Act, it is "unlawful for any person knowingly or intentionally . . . to . . . distribute[ ] or dispense . . . a controlled substance." 21 U.S.C. § 841(a)(1). Of course, an exception under § 841 exists for physicians who distribute or dispense drugs in the normal course of their professional practice. *Id*. at § 829(B)(ii); *United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984) ("In order to lawfully possess or dispense a controlled substance[,] a doctor must fulfill two requirements. He must be lawfully licensed to practice medicine and he must be registered by the Drug

8

Enforcement Administration. Doctors that are registered are then authorized to possess, distribute or dispense controlled substances. However, they may do so only in the usual course of professional practice and for a legitimate medical purpose."). Although the Government asserts within the second superseding indictment that Defendant was licensed by the Drug Enforcement Agency and the Alabama Board of Medical Examiners and Medical Licensure Commission of Alabama "[f]rom an unknown date and continuing until in or about August of 2018," *see* (Doc. 88) at 4, a factual determination remains as to whether Defendant's status permits him to possess with intent to distribute a controlled substance (specifically testosterone as alleged in count 107) on the date in question (August 9, 2018), *see id*. at 20.[4] Therefore, the undersigned is not persuaded by Defendant's argument that the count is inadequately pleaded based upon the presupposed fact that Defendant is appropriately licensed to possess controlled substances. *See United States v. Salman*, 378 F.3d 1266, 1267 (11th Cir. 2004) (holding that a district court may not "grant a motion to dismiss an indictment as a matter of law based on stipulated or undisputed facts"); *see also United States v. Miller*, 694 F. Supp. 2d 1259, 1267 (M.D. Ala. 2010) (in a prosecution for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), denying the defendant's motion to dismiss the indictment because the issue of whether the defendant was a sex offender at the alleged time was a factual determination that could not

---

[4] The Government notes that "the second superseding indictment does not allege that, as a physician, Stehl was entitled to keep, at his personal residence, distribution-sized quantities of controlled substances for which neither he nor a member of his household had a prescription." (Doc. 98) at 17. If this is the basis upon which the Government intends to pursue count 107, whether Defendant could possess certain quantities of testosterone at his home on the date in question would be a factual determination reserved for the jury.

be ruled upon in a motion to dismiss the indictment).

## II. CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned that Defendant's Motion to Dismiss the Second Superseding Indictment, as construed, (Docs. 86, 94) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 7, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of October, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE